UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLARD JOHN ALLEN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Civil No. 09-576-P-S |
| | ) Crim. No. 04-08-P-S |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION**
**RE: SECOND 28 U.S.C. § 2255 MOTION**

Willard John Allen has presented this court with his second 28 U.S.C. §2255 motion. In his current pleading he challenges the use of a burglary conviction in setting his sentence and cites United States v. Giggey, 551 F.3d 27, 28 -29 (1st Cir. 2008). Allen has already fully adjudicated a 28 U.S.C. § 2255 motion, which included assertions premised on Giggey. Allen v. United States, Civ. No. 08-329-P-S, 2009 WL 1609040, 16 & n.6, 18 (D. Me. June 8, 2009)(recommended decision), adopted, 2009 WL 2482172 (D. Me. Aug. 11, 2009). (Part of that adopted recommendation was that Allen was not entitled to a certificate of appealability.) The First Circuit Court of Appeals entered the following order on Allen's appeal of that determination:

> Having reviewed the record on appeal, we conclude that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), substantially for the reasons given by Magistrate Judge Kravchuk in her comprehensive Report and Recommendation, June 8, 2009, affirmed by the district court, August 11, 2009. The request for a certificate of appealability is denied and this appeal is terminated.

Allen v. United States, Civ. No. 08-329, Doc. No. 56 (D. Me. Oct.29. 2009).

It is evident that before Allen can proceed with this second 28 U.S.C. § 2255 motion claiming that there was a governmental impediment to his ability to raise his Giggey challenge, see 28 U.S.C. 2255(f)(2), he must receive certification to so proceed from the First Circuit Court of Appeals as provided by 28 U.S.C. § 2255(h) and § 2244(b)(3).

I now recommend that the Court dismiss this petition without prejudice to Allen's right to file another 28 U.S.C. § 2255 motion should he obtain the First Circuit Court of Appeal's certification to do so.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 18, 2009.